THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| NATHAN HALL, and the ESTATE OF MATTHEW HALL, <br>Plaintiffs, <br><br> v. <br><br> WEBER COUNTY, *et al.,* <br>Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 1:20-CV-158-HCN <br><br> Howard C. Nielson, Jr. <br> United States District Judge |

Plaintiffs Nathan Hall and the Estate of Matthew Hall sue Defendants Wendy Jo Walkowiak, Nikki Leigh Nielsen, Mikel R. Kilfoyle, Terry Thompson, and Weber County, alleging violations of the Matthew Hall's federal and state constitutional rights. The court grants Defendants' motion for summary judgment on Plaintiffs' federal claims and dismisses Plaintiffs' state law claim without prejudice.

Plaintiffs allege that Matthew Hall, while incarcerated at Weber County Jail, informed staff that he was experiencing suicidal ideation and that his requests for assistance were ignored. *See* Compl. ¶¶ 14–17. They allege that Mr. Hall attempted to jump from a railing in the jail and was placed on suicide watch as a result. *See id*. ¶ 24–25. They allege that the next evening, February 24, 2017, Mr. Hall jumped from the railing behind his cell toilet and landed head-first on the floor. *See id*. ¶ 28. They allege that Nurses Walkowiak, Nielsen, and Kilfoyle, who responded to the incident, rolled Mr. Hall onto his side and sat him up—failing, despite obvious signs that he had injured his head or neck, to diagnose that injury or at least take simple steps to stabilize his spine—and that Mr. Hall was declared a quadriplegic and eventually died as a result. *See id*. ¶¶ 30, 31, 32, 39. Plaintiffs further allege that Sheriff Thompson and Weber County failed

to provide adequate policies, procedures, or training to their subordinates to reasonably provide for the safety and health of inmates suffering from severe mental illness and suicidal ideation. *See id*. ¶¶ 47–54.

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law," and a "dispute about a material fact is 'genuine[]' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"When the moving party does not have the ultimate burden of persuasion at trial, it has both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the non-moving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." *Id*. Once the moving party has met its initial burden, the party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (cleaned up).

Plaintiffs allege that Nurses Walkowiak, Nielsen, and Kilfoyle violated Mr. Hall's Eighth Amendment rights through deliberate indifference to his suicidal mental state and the risks posed by the injury he had sustained by jumping from a railing and landing on his head. Because these Defendants invoke the defense of qualified immunity, Plaintiffs must (1) "make out a violation

of a constitutional right" and (2) show that "the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009) The court concludes that Plaintiffs have failed to identify facts from which a reasonable jury could find that any of these Defendants violated Mr. Hall's Eighth Amendment rights.[1]

As relevant here, the Eighth Amendment prohibits "cruel and unusual punishments." U.S. CONST. amend. viii. A prison official's deliberate indifference can violate this provision only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). For as the Supreme Court has explained, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id*. at 838.

In opposing Defendants' motion for summary judgment on this issue, Plaintiffs fail to identify any evidence whatsoever—let alone evidence from which a reasonable jury could find

---

[1] In their complaint, Plaintiffs also invoke the Fifth and Fourteenth Amendments. *See* Dkt. No. 2 ¶¶ 41, 43, 54. But the only explanation they offer for their citation of these Amendments is an allegation that "[a]s a direct and proximate result of Defendants' actions, inactions, and/or deliberate indifference, Mr. Hall was deprived of h[is] rights in violation of the 5th and 14th Amendments to the United States Constitution and 42 U.S.C. § 1983, *i.e.*, he was deprived of his life without due process of law." *Id*. ¶ 54. To the extent Plaintiffs intend to assert claims under these provisions, it is thus evident that those claims are based on the same legal theory as their Eighth Amendment claims. But "[w]here a particular Amendment"—here the Eighth Amendment—"'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing such a claim.'" *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (plurality opinion) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). And of course "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright*, 510 U.S. at 271 (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). The court accordingly analyzes Plaintiffs' claims under the Eighth Amendment.

that the three nurse Defendants knew of and disregarded an excessive risk to Mr. Hall's health or safety. Further, all three nurses offer declarations stating that they did not know how Mr. Hall had sustained his head injury until *after* he was taken from Weber County Jail. *See* Dkt. No. 50 ¶ 26 (Walkowiak); Dkt. No. 51 ¶ 21 (Nielsen); Dkt. No. 52 ¶ 15 (Kilfoyle). Nurse Walkowiak also stated in her declaration that she did not recall interacting with Mr. Hall before the evening of February 24, 2017, and that although she could tell from how he was dressed that he was on suicide watch that evening, she did not know why. *See* Dkt. No. 50 ¶¶ 7, 9. Nurse Nielsen stated that she could not recall whether she knew Mr. Hall was on suicide watch, but that she was confident she was not aware of any reasons why he might have been placed on suicide watch. *See* Dkt. No. 51 ¶ 8.

The Plaintiffs identify no evidence that contradicts the nurses' statements. Rather, they rely on allegations in their complaint that the nurses knew or should have known about Mr. Hall's suicidal condition and the nature of his injury. *See* Dkt. No. 57 at 17–19. But again, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (cleaned up).

Plaintiffs also attempt to cast doubt on the nurses' statements, arguing that "each of the individual nurses filed a declaration of ignorance that conveniently denies knowledge of critical things." Dkt. No. 57 at 13. But to survive summary judgment, Plaintiffs must do more than "merely assert that the jury might disbelieve [the nurses'] testimony"—they must instead identify "affirmative evidence" contradicting that testimony. *Helget v. City of Hays, Kansas*, 844 F.3d 1216, 1223 n.3 (10th Cir. 2017) (internal quotation marks omitted); *see also Anderson*, 477 U.S. at 256–57. That they have not done.

Finally, although Plaintiffs argue—based on "simple logic"—that the nurses should have recognized the nature of Mr. Hall's injury and the risks it posed given all the circumstances, Dkt. No. 57 at 19, they may not avoid summary judgment based on "mere speculation, conjecture, or surmise." *Bones v. Honeywell Intern., Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). And of course an "official's failure to alleviate a significant risk that he should have perceived but did not" does not violate the Eighth Amendment in all events. *Farmer*, 511 U.S. at 838.

Because Plaintiffs have failed to identify evidence that could support a reasonable jury's conclusion that any of the nurses violated Mr. Hall's constitutional rights, their claims against Sheriff Thompson and Weber County fail as well. As for Sheriff Thompson, to successfully maintain a Section 1983 claim against a supervisor, "a plaintiff must first show the supervisor's subordinates violated the constitution." *Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). And as for Weber County, "a municipality may not be held liable under § 1983 where there was no underlying constitutional violation by any of its officers." *Hinkley v. Salt Lake City Corp.*, 426 F. Sup. 3d 1207, 1220 (D. Utah 2019) (cleaned up).

Finally, "[t]he Tenth Circuit has explained that when all federal claims have been dismissed, the court may, and usually should, decline to exercise supplemental jurisdiction over any remaining state claims." *Reyes v. N.A.R. Inc.*, 546 F. Supp. 3d 1031, 1042 (D. Utah 2021) (cleaned up). Because Defendants are entitled to summary judgment on Plaintiffs' federal claims, the court will follow this guidance and dismiss Plaintiffs' state law claim without prejudice.

*   *   *

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED** with respect to Plaintiffs' federal claims. Plaintiffs' state law claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated this 27th day of March, 2023.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge